UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

M&T BANK,

                              Plaintiff,

v.

BERNADETTE CASPER, DAVID DALE,
NORTHWEST SAVINGS BANK,

                              Defendants.

_____

**REPORT AND
RECOMMENDATION**

23-CR-00281(JLS)(JJM)

        Before the court is plaintiff M&T Bank's motion to remand this action to State of New York Supreme Court, County of Erie [11],[1] which has been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [3]. Having reviewed the parties' submissions [11-13], and heard argument on May 17, 2023 [14], for the following reasons I recommend that the motion be granted.

## BACKGROUND

        The parties' familiarity with the underlying facts is presumed.  Following defendant Casper's default on a note and mortgage (collectively, the "loan") secured by real property located at 5121 William Street in Lancaster, New York, M&T commenced a foreclosure action in State of New York Supreme Court, County of Erie, on October 9, 2019. Gigg Declaration [11], ¶¶4-6, 15.  M&T is the holder and servicer of the loan, which is owned by the Federal Home Loan Mortgage Corporation ("FHLMC"), also known as "Freddie Mac". Id., ¶8.

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

Defendants waited for more than three years after answering M&T's forfeiture Complaint before removing the action to this court, based upon federal question jurisdiction pursuant to 28 U.S.C. §1331.  Id., ¶19; Notice of Removal [1].  According to the Notice of Removal [1], the removal was triggered by the state court's February 14, 2023 Decision and Order ([11] at 375-77), which for the first time purportedly raised federal question jurisdiction by: 1) granting M&T's motion to reargue and renew its motion for summary judgment based "upon the application of the [FHLMC's Servicer Guide]", which is "federal law" (Notice of Removal [1] at 1-2); and 2) prohibiting defendants "from further litigating pro se in protection of their federal rights in violation of 28 USC [§]1654".  Id. at 2.

## DISCUSSION

"[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 617 (2d Cir. 2019).  That is so because "[f]ederal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute". Gunn v. Minton, 568 U.S. 251, 256 (2013).  Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States".[2]

"While federal question jurisdiction is typically invoked by a plaintiff pleading a federal cause of action, it also extends to a 'special and small category' of cases brought under state law that implicate a federal issue." Tantaros v. Fox News Network, LLC, 12 F.4th 135, 140

---

[2]    M&T also disputes the existence of diversity jurisdiction. See plaintiffs' Memorandum of Law [11] at 21-22.  However, even if that ground for removal had been asserted, remand would be warranted for the reasons set forth by M&T. See id. Additionally, defendants, as New York citizens, are barred from removing this action pursuant to 28 U.S.C. §1441(b)(2), and I also see no excuse for defendants' failure to remove this action within one year of its commencement. See 28 U.S.C. §1446(c).

(2d Cir. 2021) (*quoting* Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006)).  Since M&T has only pleaded a state law claim for foreclosure (*see* Foreclosure Complaint [11] at 227-31), this case does not fall within the "vast bulk of suits that arise under federal law". Gunn, 568 U.S. at 257. Instead, defendants rely on the "narrower basis" of federal question jurisdiction for cases that implicate federal issues. Doe 1 v. Starpoint Central School District, 2023 WL 2859134, *4 (W.D.N.Y. 2023).

A state law claim implicates a federal issue where "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn, 568 U.S. at 258. "All four requirements must be satisfied in order for a federal court to have jurisdiction." Barone, 372 F. Supp. 3d at 147.

"In determining whether a federal issue is 'necessarily raised,' the Court must assess whether any cause of action . . . necessarily stands or falls based on a particular interpretation or application of federal law. In other words, whether the federal issue is an essential element of a *plaintiff's* claim." Wey v. Nasdaq, Inc., 2019 WL 1324416, *3 (S.D.N.Y. 2019) (emphasis added).

## A.    The Servicer Guide

The FHLMC is "a federally sponsored enterprise which buys mortgages on the secondary market in order to increase liquidity and mortgage lending", and it "has promulgated a set of guidelines [the Servicer Guide] which govern the servicing of their loans". Wells Fargo Bank, N.A. v. Sinnott, 2009 WL 3157380, *6 (D. Vt. 2009).  The Servicer Guide is "a contract between the FHLMC and each entity that sells mortgages to or services mortgages for the FHLMC", such as M&T. Deerman v. Federal Home Loan Mortgage Corporation, 955 F. Supp.

1393, 1404 (N.D. Ala. 1997), aff'd, 140 F.3d 1043 (11th Cir. 1998). *See also* Sinnott, 2009 WL 3157380 at *10 (the Servicer Guide is "a standard contract between Freddie Mac, the U.S. corporate instrumentality that purchased Defendants' Mortgage, and Wells Fargo"); Servicer Guide §(a)(i) ("[t]he Guide governs the business relationship between a Seller/Servicer and Freddie Mac relating to the sale of Mortgages to, and Servicing of such Mortgages for, Freddie Mac").[3]

"A contract is not a law, nor does it make law". 17A Am. Jur. 2d, Contracts §1 (2023). *See also* Bush v. Raytheon Co., 2009 WL 10669904, *5 (M.D. Fla. 2009), aff'd, 373 F. App'x 936 (11th Cir. 2010) ("[a] contract is not a law, even if the contract carries legal force or is authorized by law. Legislatures pass laws, and administrative agencies promulgate rules and regulations under a framework, governed by the Administrative Procedures Act, that requires notice and comment. By contrast, government agencies create contracts under entirely different constraints"); Empire HealthChoice Assurance, Inc. v. McVeigh, 396 F.3d 136, 139 (2d Cir. 2005), aff'd, 547 U.S. 677 (2006) (rejecting the plaintiff's attempt to classify Federal Employees Health Benefits Act ("FEHBA") authorized contracts as laws, the court explained that "'Law' connotes a policy imposed by the government, not a privately-negotiated contract . . . . Under FEHBA, the government does not impose contract terms as it would impose a law"); Martinez v. Huffard, 2014 WL 8663306, *5 (S.D.N.Y. 2014), adopted, 2015 WL 1821642 (S.D.N.Y. 2015) ("internal [Bureau of Prison] guidelines and standards that correspond with a federal statute or regulation . . . are not federal law"). Defendants offer nothing to suggest why this principle does not apply to the Servicer Guide.

---

[3]   https://guide.freddiemac.com/app/guide/section/1101.2 (last visited May 19, 2023).

In any event, even if the Servicer Guide constituted federal law, it is not relevant to M&T's claim for relief. New York state law only requires that three elements "be established in order to sustain a foreclosure claim: (1) the proof of the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default." United States v. Paugh, 332 F. Supp. 2d 679, 680 (S.D.N.Y. 2004).

As the history of this case demonstrates, the Servicer Guide was only raised by M&T after its summary judgment motion was initially denied by the state court on unconscionability grounds. *See* August 5, 2022 Decision and Order [11] at 289-92. The court explained that "a trier of fact could determine that it was unconscionable for the bank to impose a 400% increase on the Defendants monthly mortgage payments . . . . [T]here was no reason for the Bank to subject the Defendants to such a shocking increase in their monthly payment just because the Bank was overzealous in paying the taxes on the Defendants' behalf". Id. at 291.

However, M&T moved to reargue that decision, contending that it was improper for the court to rely on unconscionability as a ground to deny its summary judgment motion because it was not raised by defendants as an affirmative defense. *See* M&T's Memorandum of Law [11] at 313-15. Alternatively, it relied on the Servicer Guide to show that its conduct was not unconscionable. *See* id. at 321-22. Agreeing with M&T's arguments, the court concluded that its "denial of Summary Judgment based on unconscionability was improper". February 14, 2023 Decision and Order [11] at 375-76.

Therefore, the Servicer Guide, which was only raised by M&T to illustrate why its actions were not unconscionable, would only potentially be relevant as a defense to the foreclosure action. *See* OneWest Bank, N.A. v. Zahtila, 2015 WL 13766600, *3 n. 1 (E.D.N.Y. 2015), adopted, 2016 WL 11525914 (E.D.N.Y. 2016) ("unconscionable conduct is a defense in a

foreclosure action"). However, "the existence of a federal defense normally does not create statutory 'arising under' jurisdiction . . . and a defendant may not generally remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law". Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) (emphasis in original).

Moreover, FHLMC's ownership of defendants' loan is insufficient to establish subject matter jurisdiction. *See* Paragon Homes, LLC v. Ascent Home Loans, Inc., 2016 WL 591755, *2 (D. Nev. 2016) ("[a]lthough Ocwen alleges it is the servicer of a loan owned by . . . [FHLMC], [FHLMC] is not a party to the suit . . . . Thus, this Court does not have subject-matter jurisdiction over this case under § 1452").

**B.     28 U.S.C. §1654**

28 U.S.C. §1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein". Defendants contend that removal is warranted because the state court's February 14, 2023 Decision and Order, which "prohibits [them] from further litigating pro se", was in violation of their rights pursuant to 28 U.S.C. §1654. Notice of Removal [1] at 2; defendants' Joint Answering Legal Memorandum [12] at 44-45.

M&T characterizes this as an invocation of a federal defense, which, as discussed above, generally does not give rise to subject matter jurisdiction. *See* M&T's Memorandum of Law [11] at 20. While I do not agree that defendants are using 28 U.S.C. §1654 as a defense to the foreclosure action, defendants' argument that the court has violated their rights under 28 U.S.C. §1654 to proceed *pro se* is also not a claim that M&T's state law foreclosure action arises under federal law, as required to establish federal question jurisdiction.

**C.      Defendants' Request that FHLMC Be Added as a Party**

Since "amendment may not create subject matter jurisdiction when none exists",

In re Katrina Canal Breaches Litigation, 342 F. App'x 928, 931 (5th Cir. 2009), I am without

authority to grant defendants' request that the court add FHLMC as a party to this action

pursuant to Fed. R. Civ. P. ("Rule") 21. *See* defendants' Joint Answering Legal Memorandum

[12] at 45-46. 28 U.S.C. §1447(c) is clear: "If at any time before final judgment it appears that

the district court lacks subject matter jurisdiction, the case *shall* be remanded" (emphasis added).

"[T]he mandatory 'shall' . . . creates an obligation impervious to judicial discretion". Lexecon

Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35 (1998) (interpreting the phrase

"shall be remanded" under 28 U.S.C. §1407(a)); National Association of Home Builders v.

Defenders of Wildlife, 551 U.S. 644, 661–62 (2007) ("[t]he word 'shall' generally indicates a

command that admits of no discretion on the part of the person instructed to carry out the

directive").

Therefore, mindful of my obligation to construe the removal statute narrowly and

to resolve doubts in favor of remand (*see* Platinum-Montaur Life Sciences, LLC, 943 F.3d at

617), I conclude that remand is mandated.

**CONCLUSION**

For these reasons, I recommend that M&T's motion to remand [11] be granted.

Unless otherwise ordered by District Judge Sinatra, any objections to this Report and

Recommendation must be filed with the clerk of this court by June 12, 2023.  Any requests for

extension of this deadline must be made to District Judge Sinatra.  A party who "fails to object

timely . . . waives any right to further judicial review of [this] decision". Wesolek, 838 F. 2d at

58; Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse

to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: May 26, 2023

<u>/s/Jeremiah J. McCarthy</u>
JEREMIAH J. MCCARTHY
United States Magistrate Judge